# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE INGRAM,<br><br>  Plaintiff,<br><br>  v.<br><br>ETHRIDGE,<br><br>  Defendant.<br>_____/ | CASE NO. 1:09-cv-02048-AWI-SKO PC<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Docs. 33 and 36) |

Plaintiff Tyrone Ingram, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 23, 2009. Defendant Ethridge filed a motion for summary judgment on August 1, 2012. Plaintiff did not respond to the motion and on September 11, 2012, the Court issued an order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendant's motion within twenty-one days. More than twenty-one days have since passed and Plaintiff has not filed a response to Defendant's motion for summary judgment or otherwise been in contact with the Court.[1]

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious

---

[1] On September 19, 2012, the United States Postal Service returned the order as undeliverable as addressed. However, Plaintiff has not notified the Court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

1 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
2 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability
3 of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
4 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court
5 in deciding what to do and are not conditions that must be met in order for a court to take action.
6 Id. (citation omitted).

7     Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order, the
8 Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action,
9 which has been pending since 2009, requires Plaintiff's cooperation in its prosecution, the action
10 cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its scant
11 resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in
12 continuing the litigation. Id.

13     Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute
14 and Defendant's motion for summary judgment is DENIED as moot. In re PPA, 460 F.3d at 1226;
15 Local Rule 110.

17 IT IS SO ORDERED.

19 Dated:   October 10, 2012                                    
                                                 CHIEF UNITED STATES DISTRICT JUDGE